UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

TIMOTHY J. MCILWAIN,                                                    Plaintiff,

v.                                                      Civil Action No. 3:25-cv-40-RGJ

JEFFERSON COUNTY, et al.,                                           Defendants.

* * * * *

**MEMORANDUM OPINION AND ORDER**

Defendant Loretta Germany[1] ("Germany"), a bench clerk for Jefferson County Circuit Court, moves to dismiss [DE 12] Plaintiff Timothy J. McIlwain's ("McIlwain's") First Amendment Complaint. [DE 11]. McIlwain responded [DE 13], and Germany replied. [DE 14]. Intertwined in McIlwain's Response is a cross-motion for leave to file a Second Amended Complaint. [DE 13; DE 15 (corrected version)]. Germany Responded. [DE 19]. McIlwain filed a reply, twice, prior to Germany's response to the motion for leave to file a Second Amended Complaint. [DE 16; DE 17]. Germany provided an uncontested notice to the Court of the status of the filings, alerting to the Court that McIlwain's first motion to amend [DE 13] is moot. [DE 18]. These matters are now ripe for adjudication.

For the reasons below, Germany's Motion to Dismiss [DE 12] is **GRANTED**, McIlwain's first Motion to Amend [DE 13] is **MOOT**, the corrected version [DE 15] is **DENIED**, and McIlwain's First Amended Complaint [DE 11] is **DISMISSED**.

---

[1] In addition to Germany, the First Amended Complaint also names as a defendant "Jade Miller," another Jefferson County Circuit Court bench clerk. [DE 11 at 184]. As of today, McIlwain has not served an individual named "Jade Miller." The plaintiff bears the burden to demonstrate a named party has been properly served. *Sawyer v. Lexington–Fayette Urb. Cnty. Gov't,* 18 F. App'x 285, 287 (6th Cir. 2001). Germany also noted to the Court that upon her own search, she could not locate an individual named "Jade Miller" who has worked for the Jefferson County Circuit Court. [DE 12 at 238]. This statement is uncontested by McIlwain.

1

## I.    BACKGROUND

McIlwain is currently a resident of New Jersey, but previously lived in Louisville, Kentucky. [DE 11 at 195]. And although McIlwain is a licensed attorney in other jurisdictions, he is proceeding *Pro se* in this matter. [*Id.* 192]. This complaint arises out of McIlwain's involvement in a custody dispute with his former partner at Jefferson County Circuit Court. After commencing previous lawsuits against his former partner, her attorneys, and other individuals, McIlwain now brings suit against Jefferson County, two bench clerks for Jefferson County, Loretta Germany and Jade Miller, and Does 1-50.[2]

In 2019, McIlwain "took his daughter with respiratory issues out of the Louisville home" and moved to "his New Jersey home." [*Id.* at 195]. This event began a long, contentious, and litigious custody dispute which has now spilled over into federal court.

McIlwain alleges that the "mother went on and continues to go on a relentless legal attack attempting to block the child from her father." [*Id*]. He claims he has been "falsely accused of a history of alcohol abuse, drug abuse and domestic violence, among other things, during the period they were living together from 2016 to 2019." [*Id.* at 196]. McIlwain asserts that his "attempts to disprove or debunk the ongoing character assassination have been blocked, ignored or otherwise regarded as futile." [*Id.* at 196-97].

Germany is a bench clerk for the Jefferson County Circuit Court who worked on McIlwain's custody case. [*Id.*].   McIlwain asserts that he was unable to present his side in the

---

[2] This is McIlwain's third lawsuit in this district stemming from the same set of facts, all arising out of a child custody dispute. *McIlwain v. Dodd*, 2022 WL 492986 (W.D. Ky. Feb. 16, 2022), *aff'd*, No. 22-5219, 2022 WL 17169006, *1, (6th. Cir. Nov. 22, 2022) (affirming district court's dismissal of McIlwain's claims against Berry's attorney in state custody proceedings for failure to state a claim.); *McIlwain v. Berry*, 2024 WL 4729311 (W.D. Ky. Nov. 8, 2024) (permitting McIlwain to file an amended complaint). Nor is McIlwain a stranger to Kentucky state court. Most recently, McIlwain's appeal of the Jefferson Circuit Court's DVO was affirmed by the Kentucky Court of Appeals. *See McIlwain v. Berry*, 2025 WL 3180568 (Ky. App. Nov. 14, 2025). The Kentucky Court of Appeals stated that contrary to McIlwain's assertions that he was "not given a meaningful opportunity to be heard," Jefferson County family court devoted "two days and over six hours to the DVO hearing." *Id.* at *5.

custody dispute to the Jefferson County Circuit Court because Germany "blocked" all of his motions or "never listed" them on the docket for his custody case. [*Id.* at 199]. This caused the record to be "woefully deficient" which led to the entering of a domestic violence order ("DVO") against McIlwain. [*Id.* at 200]. The first amended complaint further discusses the history and timeline of McIlwain's family court dispute. This includes deposition testimony, video testimony, and more, which the Court need not address. At its core, in the first amended complaint, McIlwain alleges a violation of Civil Rights under 42 U.S.C. § 1983 by Germany for "unlawfully preventing a hearing" and "interfering with the mail." [DE 11 at 224-226].

In response, Germany filed a motion to dismiss the first amended complaint. [DE 12]. Germany states that the Court lacks subject matter jurisdiction under the *Rooker-Feldman* doctrine, or in the alternative, that Germany is immune from suit in both her official and individual capacities. [DE 12 at 242-43]. In his response, McIlwain filed both a response in opposition to the motion to dismiss, but also a cross-motion to file a second amended complaint. [DE 13; DE 15]. The purpose of the cross-motion for leave to file a second amended complaint was *not* to amend any of his current allegations, but to add Racketeering Influenced and Corrupt Organizations ("RICO") claims. [DE 15 at 295]. These claims were originally included in the first complaint, but were voluntarily dismissed without prejudice in a previous agreed upon order by the parties. [DE 10]. According to McIlwain, a recent Supreme Court decision, *Medical Marijuana, Inc. v. Horn*, 604 U.S.593, (2025), now strengthens his once dismissed RICO claims. [DE 15 at 295]. Germany replied, and noted that McIlwain had failed to attach the second amended complaint. [DE 14]. McIlwain then refiled his corrected motion for leave [DE 15] and subsequently filed a reply to Germany's substantive arguments. [DE 16; DE 17].[3] And after filing a notice to the Court of the

---

[3] Although McIlwain filed his reply twice, it appears this was inadvertent as the filings are identical.

status of the motions [DE 18], Germany filed a response to the motion for leave to file a second amended complaint. [DE 19]. The time for McIlwain to file a reply has passed. L.R. 7.1(c). Therefore, all motions are ripe for adjudication.

## II.    STANDARD

"When there are pending before the court both a dispositive motion and a motion to amend the complaint, the court must first address the motion to amend complaint." *Gallaher & Assocs., Inc. v. Emerald TC, LLC*, No. 3:08-CV-459, 2010 WL 670078, at *1 (E.D. Tenn. Feb. 19, 2010) (citing *Ellison v. Ford Motor Co.*, 847 F.2d 297, 300 (6th Cir. 1988)). If the court grants a motion to amend, "the original pleading no longer performs any function in the case." *Clark v. Johnston*, 413 F. App'x 804, 811 (6th Cir. 2011) (internal quotation marks and citation omitted). Thus, "when the court grants leave to amend the complaint, a motion to dismiss the original complaint will be denied as moot if the amended complaint adequately addresses the grounds for dismissal." *Stepp v. Alibaba.com, Inc.*, No. 3:16-CV-00389-CRS, 2016 WL 5844097, at *2 (W.D. Ky. Oct. 4, 2016).

Fed. R. Civ. P. 15(d) states in part, "[o]n motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d). The Supreme Court has ruled that "Rule 15(d) ... plainly permits supplemental amendments to cover events happening after suit ...." *Griffin v. Cnty. Sch. Bd. of Prince Edward Cnty.*, 377 U.S. 218, 227 (1964) (internal footnote omitted). The standard for granting leave to supplement under Rule 15(d) is the same as the standard governing leave to amend under Rule 15(a)(2). *Spies v. Voinovich,* 48 F. App'x 520, 527 (6th Cir. 2002).

Fed. R. Civ. P. 15(a)(1) reads in part that a "party may amend its pleading once as a matter of course." *Id.* After that, pursuant to Fed. R. Civ. P. 15(a)(2), "a party may amend its pleading

only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." *Id.* "The grant or denial of leave to amend is within the discretion of the trial court, and review is for abuse of discretion." *Sec. Ins. Co. of Hartford v. Kevin Tucker & Assocs., Inc.*, 64 F.3d 1001, 1008 (6th Cir. 1995) (citing *Roth Steel Prod. v. Sharon Steel Corp.*, 705 F.2d 134, 155 (6th Cir. 1983)). "In deciding whether to grant a motion to amend, courts should consider undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment." *Brumbalough v. Camelot Care Centers, Inc.*, 427 F.3d 996, 1001 (6th Cir. 2005) (citing *Coe v. Bell*, 161 F.3d 320, 341–42 (6th Cir. 1998)). "A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss." *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000). An action may be dismissed under Fed. R. Civ. P. 12(b)(6) if the complaint fails to state a claim upon which relief can be granted.

Federal Rule of Civil Procedure 12(b)(6) instructs that a court must dismiss a complaint if the complaint "fail[s] to state a claim upon which relief can be granted[.]" Fed. R. Civ. P. 12(b)(6). To state a claim, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). When considering a motion to dismiss, courts must presume all factual allegations in the complaint to be true and make all reasonable inferences in favor of the non-moving party. *Total Benefits Plan. Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008) (citation omitted). "But the district court need not accept a bare assertion of legal conclusions." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citation omitted). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice

5

if it tenders naked assertion[s] devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted).

To survive a motion to dismiss, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). "A complaint will be dismissed ... if no law supports the claims made, if the facts alleged are insufficient to state a claim, or if the face of the complaint presents an insurmountable bar to relief." *Southfield Educ. Ass'n v. Southfield Bd. of Educ.*, 570 F. App'x 485, 487 (6th Cir. 2014) (citing *Twombly*, 550 U.S. at 561–64).

"*Pro se* pleadings are held to a less stringent standard than formal pleadings drafted by attorneys." *Haines v. Kerner*, 404 U.S. 519, 519 (1972). Yet "the lenient treatment generally accorded to *pro se* litigants has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). A "complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory" and "the less stringent standard for *pro se* plaintiffs does not compel courts to conjure up unpleaded facts to support conclusory allegations." *Leisure v. Hogan*, 21 F. App'x 277, 278 (6th Cir. 2001). Additionally, the Court cannot "create a claim which [the plaintiff] has not spelled out in his pleading." *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). A *pro se* complainant must still contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory. *See Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 437 (6th Cir. 1988). Ultimately, "[t]he Court's duty to construe a *pro se* complaint liberally does not absolve a plaintiff of the duty to comply with the Federal Rules of Civil

Procedure by providing each defendant with fair notice of the basis of the claim." *Jones v. Cabinet for Families & Child.*, No. 3:07-cv-11-S, 2007 WL 2462184, at *4 (W.D. Ky, Aug. 29, 2007) (citing *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 514 (2002)).

## III.    DISCUSSION

Because McIlwain has moved to amend his complaint, the Court will first consider this motion. *McIlwain v. Dodd,* 2022 WL 492986, at *3 (W.D. Ky. Feb. 17, 2022); *Brumbalough*, 427 F.3d at 1001. McIlwain cites to both Fed. R. Civ. P 15(a) and Fed. R. Civ. P. 15(d) as separate reasons that the Court should allow him to amend. [DE 15 at 304].

Fed. R. Civ. P. 15(a)(1) states that a "party may amend its pleading once as a matter of course." *Id.* McIlwain has already amended complaint once. [DE 11]. Therefore, Fed. R. Civ. P. 15(a)(1) does not apply. Fed. R. Civ. P. 15(d), "plainly permits supplemental amendments to cover events happening after suit ...." *Griffin*, 377 U.S. at 227. However, McIlwain is attempting to amend his complaint, to revert back to his original complaint, which included allegations prior to the "happening" of the suit. *Griffin*, 377 U.S. at 227. There are no new allegations of any new "transaction, occurrence, or event that happened after the date of the pleading." Fed. R. Civ. P. 15(d). Therefore, Fed. R. Civ. P. 15(d) also is inapplicable.

Although Fed. R. Civ. P. 15(a)(1) and 15(d) fail, Fed. R. Civ. P 15(a)(2) may apply. In considering whether the Court should permit an amendment under Fed. R. Civ. P 15(a)(2) courts are instructed to consider "undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment." *Brumbalough*, 427 F.3d at 1001. Germany states that the motion for leave to amend should be denied for two reasons. First, because McIlwain failed to attach the proposed amended complaint to his motion, and second, even if the Court would

consider the amendment after it was properly filed, it would be futile, nonetheless. [DE 14 at 283]. Following Germany's response, McIlwain refiled the motion and attached the proposed second amended complaint. [DE 15 at 338 (Exhibit B)]. Out of leniency for the *pro se* litigant, the Court accepts the refiling of the second amended complaint, and will limit its analysis to futility as it was the only factor asserted. *See Brumbalough*, 427 F.3d at 1001. "Because the standard for futility mirrors the review applied in motions to dismiss" the Court will address McIlwain's amended allegations as if included in the operative complaint. *McIlwain,* 2022 WL 492986, at *3; *Midkiff v. Adams Cty. Reg'l Water Dist.*, 409 F.3d 758, 767 (6th Cir. 2005) (quoting *Martin v. Associated Truck Lines, Inc.*, 801 F.2d 246, 249 (6th Cir. 1986)) ("A motion for leave to amend may be denied for futility 'if the court concludes that the pleading as amended could not withstand a motion to dismiss.'"). As it applies to the discussion below, McIlwain's second amended complaint only adds language regarding jurisdiction, venue, and his two original RICO claims. [DE 15-3 at 407-08; 452-59; 460-61]. McIlwain does not add or modify anything else, specifically counts one and two, the § 1983 allegations.

1. Violation of Civil Rights Under 42 U.S.C. § 1983

A. *Rooker-Feldman*

The Court must begin with its jurisdictional analysis, because if it does not have jurisdiction, it cannot adjudicate the case. *Thornton v. Southwest Detroit Hosp.,* 895 F.2d 1131, 1133 (6th Cir. 1990). Here, Germany contends that the Court does not have jurisdiction to hear McIlwain's complaint because it is barred by the *Rooker-Feldman* doctrine. "This narrow doctrine has only been applied by the Supreme Court twice. Once in *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923) and once in *Dist. of Columbia Ct. App. v. Feldman*, 460 U.S. 462 (1983) thus creating the name-sake, *Rooker-Feldman*." *McGough v. Conlin*, 2025 WL 3166809, *3 (E.D. Mich. Aug.

12, 2025). The *Rooker-Feldman* doctrine is confined to cases that are "brought by state-court losers complaining of injuries caused by *state-court judgments* rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus.*, 544 U.S. 280, 284 (2005) (emphasis added). This doctrine only covers a "narrow ground." *Id.* But if there is an "is an independent claim, not solely resulting from a state court judgment, that claim may proceed in federal court." *McGough,* 2025 WL 3166809, at *3 (citing *Exxon Mobil Corp.,* 544 U.S. at 292). If "the source of the plaintiff's injury is the state-court judgment itself, then *Rooker-Feldman* applies. If there is some other source of injury, such as a third party's actions, then the plaintiff asserts an independent claim." *McCormick v. Braverman*, 451 F.3d 382, 393 (6th Cir. 2006); *cert. denied*, 552 U.S. 828, 128 S.Ct. 41, 169 L.Ed.2d 40 (2007).

Germany contends McIlwain is "asking this court to review state court decisions." [DE 12 at 242]. And "to the extent the Plaintiff seeks to have the protective order and custody decisions of the state court overturned, the Court lacks subject matter jurisdiction." [*Id.*]. That may very well be true. But McIlwain is not attempting to appeal his state court decision, nor is his relief "entirely predicated upon this court" finding that the state court decision was handled incorrectly. *McIlwain*, 2022 WL 492986, at *3 n. 5 (holding that *Rooker-Feldman* did not bar the Court from hearing claims related to a state court proceeding). Instead, McIlwain is asserting an "independent claim" against a third party, here Germany, that caused an alleged and distinct harm separate from the state court judgment itself. *McCormick*, 451 F.3d at 393. For example, in *Sturgis v. Hayes*, a married couple of four children had their parental rights terminated and brought a federal action against the officials from the child protective services. 283 F. App'x 309 (6th Cir. 2008). At first, the district court barred the claims because of the *Rooker-Feldman* doctrine. *Id.* at 312. Yet the

Sixth Circuit reversed, stating that "Stephens and Sturgis's complaints against the employees of CPS and St. Francis cannot be characterized as an attack on the state-court judgment itself; rather than alleging injury from the judgment, they allege injury from the unconstitutional actions of these third parties involved in the removal of the children." *Id.* at 315.

Here, rather than asserting a direct harm from the judgment itself, McIlwain asserts that Germany's alleged independent actions caused an injury, such as the "interfering with the mail and/or intercepting in-person hand delivery of legal applications." [DE 15-2 at 382]. Germany contends that this is "another bite at the apple" of the state court decision itself. [DE 12 at 242 (quoting *Mischler v. Stevens*, 2014 WL 1378805, at *12 (E.D. Ky. Apr. 8, 2014)]. But McIlwain asserts an "independent claim that arise[s] from alleged unconstitutional actions during the state court process, not the resulting judgment itself." *McGough*, 2025 WL 3166809 at *5. Thus, it is not "another bite at the apple" but instead a separate cause of action. Therefore, McIlwain's claims are not barred by the *Rooker-Feldman* doctrine and the Court has jurisdiction to review his claims. *McGough*, 2025 WL 3166809 at *5.

### B. *Immunity*

McIlwain is suing Germany in both her official and individual capacity. [DE 15-2 at 340]. McIlwain alleges the same actions under both capacities. [*Id.*]. As mentioned above, McIlwain alleges that Germany "interfered with the mail and/or intercepting in-person hand delivery of legal applications." [*Id.* at 382]. This includes having calls "blocked" and denying to list McIlwain's motions. [*Id.* at 353]. And relatedly that, "[d]efendants have acted to impose more severe court delays upon Plaintiff than warranted." [*Id.* at 382].

### i. Official-Capacity Claims

Germany contends that she is "immune from suit under 1983 for her official actions." [DE 12 at 243]. Kentucky circuit court clerks "are state officers whose duties are coextensive with the Commonwealth ...." Ky. Rev. Stat. § 30A.010. "A state, its agencies, and its officials are not "persons" subject to suit under § 1983." *Clemans v. Scarborough*, 2024 WL 5248102, *6 (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). And state officials sued in their official capacities for damages are absolutely immune from § 1983 liability under the Eleventh Amendment. *Ky. v. Graham*, 473 U.S. 159, 169 (1985). McIlwain acknowledges that Germany is "an officer, agent, and employee" of Jefferson County. [DE 15-2 at 341]. Therefore, Germany, in her official capacity, is not a "person" subject to suit under § 1983, and she is immune from liability. *Clemans*, 2024 WL 5248102, at *6; *Kentucky,* 473 U.S. at 169. For these reasons, the Court concludes that allowing McIlwain to amend his complaint as it relates to the official-capacity claims against Germany would be futile. Thus, all official capacity claims against Germany are **DISMISSED**.

### ii. Individual-Capacity Claims

McIlwain alleges the same actions against Germany in her individual capacity. [DE 15-2 at 340. Germany contends she is immune based upon "quasi-judicial immunity." [DE 12 at 244].

"Judicial employees are immune from damages for the performance of quasi-judicial duties." *Wojnicz v. Davis*, 80 F. App'x 382, 383 (6th Cir. 2003) (citing *Bush v. Rauch*, 38 F.3d 842, 847 (6th Cir. 1994)). This doctrine applies to "non-judicial officials 'performing tasks so integral or intertwined with the judicial process that [they] are considered an arm of the judicial officer who is immune.'" *Williams v. Parikh*, 2024 WL 5355086, *3 (6th Cir. 2024) (quoting *Bush*, 38 F.3d at 847). In *Clemans,* this Court held that a Kentucky circuit court clerk, Ellen Lindsay,

was entitled to quasi-judicial immunity. *Clemans*, 2024 WL 5248102, at *6. Today, the Court again holds that principle to be true. All of McIlwain's alleged actions by Germany were while performing quasi-judicial functions. This includes receiving mail, scheduling motions, and processing filings. [DE 15-2 at 388-98]. This Court has routinely held these functions as within the "tasks so integral or intertwined with the judicial process" that immunity attaches. *Wojnicz,* 80 F. App'x at 383-84 (holding that quasi-judicial immunity attaches for a claim against court clerk for allegedly rejecting a habeas petition); *Pascoe v. Cabressa*, 2023 WL 4091254, at *2 (W.D. Ky. June 20, 2023) (holding that quasi-judicial immunity attaches to a state-court clerk for denying plaintiff's request to reschedule a hearing); *Clemans*, 2024 WL 5248102 at * 6 (holding that quasi-judicial immunity attaches to a County Circuit Court Clerk for allegedly disregarding motion instructions, refusing to file certain motions, and interfering with the plaintiff's mail).

For these reasons, the Court concludes that allowing McIlwain to amend his complaint as it relates to the individual-capacity claims against Germany would be futile. Therefore, quasi-judicial immunity attaches to Germany's actions in her individual capacity, and the claims against her must be **DISMISSED**.

### 2. RICO Claims

In the second amended complaint, McIlwain re-adds the two original RICO claims he previously dismissed. [DE 15-2 at 387-94]. McIlwain alleges that "Germany exploits control over the Court's legal filings to orchestrate and profit from the fraud scheme and to use it as a RICO enterprise." [*Id.* at 388]. And additionally, that Germany "and other court staff were associated with a RICO enterprise . . . the obstruction of mail Enterprise . . . and conducted and participated in the obstruction of mail Enterprise affairs through a pattern of racketeering activity." [*Id.* at 392]. McIlwain cites to *Medical Marijuana, Inc. v. Horn*, 604 U.S. 593 (2025) which he asserts

12

"broadened the scope of what is defined as an injury." [DE 15 at 291]. He alleges that "the decision of the [state] Court granting the DVO. . . led directly to [McIlwain's] reinstatement of the NY Bar being postponed." [*Id.*]. And therefore, "[t]hat is injury to [McIlwain's] business." [*Id.*]. Germany asserts that notwithstanding *Horn*, McIlwain has still failed to state a claim upon which relief can be granted because McIlwain has failed to plead statutory standing under RICO. [DE 19 at 498].[4]

Under civil RICO claims, "[w]hen a plaintiff has not sufficiently pled statutory standing, 'her claim should be dismissed for failure to state a claim upon which relief can be granted' under Rule 12(b)(6)." *Tucker v. Ky. Farm Bureau Mut. Ins. Co.,* 631 F. Supp.3d 438, 444 (E.D. Ky. 2022) (quoting *Roberts v. Hamer,* 655 F.3d 578, 581 (6th Cir. 2011)). "Thus, as an issue of statutory standing, civil RICO standing 'is sufficiently intertwined with the merits' to be considered as part of a 12(b)(6) motion to dismiss for failure to state a claim, and is evaluated by the 12(b)(6) standard of review." *Id.* (quoting *Stooksbury v. Ross*, 528 F. App'x 547, 556 (6th Cir. 2013)). "In order to establish RICO standing, a plaintiff must show (1) a violation of § 1962, (2) an injury to his business or property, and (3) that his injury was proximately caused by the RICO violation." S*tooksbury*, 528 F. App'x at 556 (citing *Holmes v. Sec. Investor Prot. Corp.*, 503 U.S. 258, 268–69  (1992)).

McIlwain writes that *Horn* adopted a "broad definition" of injury. *Horn*, 604 U.S. at 599. But the majority opinion in *Horn* expressly did not "opine on what it means for a plaintiff to be 'injured in his . . . property' under § 1962(c)." *Id.* at 600. "The only question [the Supreme Court] address[es] is the one squarely before us: whether civil RICO bars recovery for all business or property harms that derive from a personal injury." *Id.* Justice Thomas states this in his dissent,

---

[4] Germany references and incorporates her arguments from her original motion to dismiss briefing as it relates to the RICO claims, which were in the original petition. [DE 19 at 498 ("In response to the initial complaint, Germany's motion to dismiss asserted the Plaintiff lacked standing because he entirely failed to show an injury to his business or property." (citing DE 6 at 101)]).

writing that the Supreme Court should have "dismiss[ed] the writ of certiorari as improvidently granted" because the opinion does not answer the question of whether "the plaintiff here suffered a personal injury in the first place." *Horn*, 604 U.S. at 615 (Thomas, J. dissenting). Instead, he writes that the opinion focuses on "ancillary issues." *Id.* In further explaining what the Supreme Court *did not decide*, Justice Thomas writes "[t]o understand whether Horn's civil RICO claim is based on an 'injur[y] in his business or property,' it would be helpful to understand the meaning of that phrase in the civil RICO statute. But, I would not decide that weighty question here because the court below did not do so." *Id.* (internal citations omitted). Thus, it is not certain if *Horn* saves McIlwain's RICO claims, as he believes it does.

Notwithstanding Justice Thomas's rebuke of the breadth of *Horn,* McIlwain writes that the postponement of his "reinstatement to the NY bar" hurt his "business." [DE 15 at 291]. And because of *Horn,* this is now an injury. [*Id.*]. He further states, "Plaintiff has been injured in his property by reasons of Defendant Germany." [DE 15-2 at 391]. At the motion to dismiss stage for a *pro se* litigant, this *may* be sufficient to satisfy prong two, "an injury to his business or property." S*tooksbury*, 528 F. App'x at 556; *see also Anthem Blue Cross & Blue Shield*, 552 F.3d at 434 (holding that when considering a motion to dismiss, courts must presume all factual allegations in the complaint to be true and make all reasonable inferences in favor of the non-moving party); *Haines*, 404 U.S. at 519 ("*[p]ro se* pleadings are held to a less stringent standard than formal pleadings drafted by attorneys."). However, the Court need not make a final determination on prong two, because, as explained below, prong three is not met and both RICO claims fail as they do not meet the statutory standing requirements.

McIlwain does not satisfy the third element of RICO standing. That is, that "his injury was proximately caused by the RICO violation." S*tooksbury*, 528 F. App'x at 556. Although "*pro*

*se* pleadings are held to a less stringent standard than formal pleadings drafted by attorneys" this lenient treatment generally accorded to *pro se* litigants has limits." *Haines*, 404 U.S. at 519; *Pilgrim*, 92 F.3d at 416. To demonstrate proximate cause, McIlwain asserts that Germany's actions in interfering with the mail led the state court to grant the DVO, thereby causing his injury. [DE 15 at 291]. But RICO requires a "causal connection between the injury and the conduct complained of." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). "The injury has to be fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court." *Id.* And specifically in civil RICO claims, "the plaintiff is required to show that a RICO predicate offense" was both the 'but for' cause and the "proximate cause." *Hemi Group, LLC v. City of N.Y., N.Y.,* 559 U.S. 1, 9 (2010).

McIlwain cannot establish that Germany was both the "but for" and the "proximate cause" of his injuries. *Hemi Group, LLC,* 559 U.S. at 9. McIlwain states that the direct causes of his injury are the granting of the DVO, and the delay in reinstating his New York bar license. [DE 15 at 291]. Neither of which Germany directly participated in. Both the state court's granting of the DVO and the delay in reinstatement, were "independent action[s] of some third party." *Lujan*, 504 U.S. at 560. And neither third party, the Jefferson County Circuit Judge nor the New York Bar are before this Court.

The Supreme Court has consistently rejected such sprawling civil RICO liability. In *Anza v. Ideal Steel Supply Corp.,* 547 U.S. 451, 458-61 (2006) the Supreme Court rejected RICO liability even when the same party, the Anza's, had both engaged in the harmful conduct and committed the fraudulent act of defrauding the State of New York. The downstream negative impact it had on Ideal Steel was not enough to establish RICO standing. *Id.* And then in *Hemi Group, LLC,* the Supreme Court explained that the "disconnect" of causation becomes "even

sharper" when a party's theory relies on not only "separate *actions*, but separate *actions* carried out by separate *parties*." 559 U.S. at 11. (emphasis in original). "[The Supreme Court] has never before stretched the causal chain of a RICO violation so far." *Id.* Yet, that is exactly the theory of causation that McIlwain relies on. McIlwain relies on separate actions, Germany's alleged purposeful ignorance of mail, which ultimately lead to the issuance of the DVO by a Jefferson County Circuit Court judge, and then because of the DVO, the postponement of his bar license by the State of New York. These are three separate actions from three separate parties. This "disconnect[ed]" and "stretch[ed [] causal chain of a RICO violation" has never been found to be sufficient to confer RICO standing. *Hemi Group, LLC,* 559 U.S. at 11.

Also, McIlwain's reliance on *Palsgraf v. Long Island R.R. Co.,* 248 N.Y. 339 (N.Y. 1928) to demonstrate foreseeable harm is misplaced. [DE 16 at 480]. McIlwain states Germany's actions are comparable to "tamper[ing] with a traffic light" that causes an accident, and thus the proximate cause nexus is met. [*Id.* at 482]. Although foreseeability and proximate cause are related, Supreme Court precedent has made clear that civil RICO proximate cause turns on "the existence of a sufficiently 'direct relationship' between the fraud and the harm" rather than foreseeability. *Hemi Group, LLC,* 559 U.S. at 12. In other words, "[t]he causation requirement precludes speculative links—that is, where it is not sufficiently predictable" which downstream injury to plaintiffs will result from a taken action. *FDA v. Alliance for Hippocratic Med.,* 602 U.S. 367, 383 (2024). And further, "[t]he causation requirement also rules out attenuated links" where the taken action is "so far removed from its distant (even if predictable) ripple effects that the plaintiffs cannot establish Article III standing." *Id.* Here, Germany's alleged RICO actions of ignoring mail and refusing to call certain motions, which lead to the issuance of DVO, resulting in postponement of a New York

bar license, ultimately leading to an alleged injury to McIlwain's business is "simply too speculative or too attenuated" for proper standing. *Id.* at 393.

As stated, there are far too many intervening factors for Germany's alleged actions to be the proximate cause of McIlwain's business injury under civil RICO case law. The intervening actions by the Jefferson County Circuit Court and the New York Bar are "separate actions" by "separate parties" which the Supreme Court has consistently held is too much of a "disconnect" to establish civil RICO liability. *Hemi Group, LLC,* 559 U.S. at 11. RICO requires a strict "direct relationship" that McIlwain is unable to demonstrate. *Id.* Put simply, Germany's alleged actions are "too remote" to satisfy RICO's direct relationship requirement. *Id.* at 9.

As McIlwain cannot satisfy the three elements of RICO statutory standing, dismissal of his RICO claims is warranted pursuant to Fed. R. Civ. P. 12(b)(6). *Tucker v. Ky. Farm Bureau Mut. Ins. Co.,* 631 F. Supp. at 444. Because McIlwain's RICO claims against Germany would be futile, the Court **DENIES** McIlwain's motion to amend the first amended complaint to add Counts three and four.

IV. **CONCLUSION**

For the foregoing reasons**, IT IS ORDERED** that:

1) Germany's motion to dismiss all claims against her is **GRANTED and the claims will be DISMISSED WITH PREJUDICE** [DE 12];

2) McIlwain's first motion to amend the first amended complaint is **MOOT** [DE 13];

3) McIlwain's second motion to amend the first amended complaint is **DENIED** [DE 15];

4) The Court will enter separate judgment.

Rebecca Grady Jennings, District Judge
United States District Court

March 13, 2026

17