UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

TIMOTHY J. MCILWAIN, Plaintiff,

v. Civil Action No. 3:25-cv-40-RGJ

JEFFERSON COUNTY, et al., Defendants.

* * * * *

**MEMORANDUM OPINION AND ORDER**

Plaintiff Timothy J. McIlwain ("McIlwain") moves for extension of time to file an appeal. [DE 29]. Loretta Germany ("Germany") responded [DE 30], and McIlwain replied [DE 31]. This matter is ripe for adjudication. For the reasons below, McIlwain's motion is **DENIED**.

## I. BACKGROUND

A more extensive background is set forth in this Court's memorandum opinion and order dismissing. [DE 22]. This Court's Order and Judgment were issued on March 13, 2026. [DE 22; DE 23]. The deadline to file a notice of appeal was April 13, 2026. Fed. R. App. P. 4(a); 26(a)(1)(C). On April 13, 2026, McIlwain emailed the Clerk of the Court his notice of appeal. [DE 29-1 at 534]. The Clerk's Office confirmed receipt on April 13, 2026. [*Id.*]. The Clerk's Office also advised McIlwain that the submission did not comply with the signature requirement pursuant to General Order 25-02 and the submission would not be considered filed. [*Id.*]. The next day, on April 14, 2026, McIlwain corrected the signature requirement. [*Id*].

On April 22, 2026, the Clerk of the Sixth Circuit issued a Show Cause Order stating that the "notice of appeal filed on April 14, 2026, is one day late" and ordered McIlwain to "show cause . . . why the appeal should not be dismissed for failure to comply with 28 U.S.C. § 2107(a) and Federal Rule of Appellate Procedure 4(a)." [DE 27 at 528]. The Order also stated that unless

McIlwain filed a motion for extension of time to file an appeal, and that motion is granted, the "court will be required to dismiss the appeal." [*Id.*].

On May 12, 2026, McIlwain filed a response to the Sixth Circuit's Show Cause Order with that court. *See McIlwain v. Jefferson County, KY, Circuit Court, et al.*, No. 26-5337, DE 5. On May 15, 2026, McIlwain filed the present motion with this Court pursuant to Federal Rule of Appellate Procedure 4(a)(5), which allows for an extension of time to file a notice of appeal. [DE 29]. Germany contends that McIlwain's motion for an extension of time is untimely and that, as a result, this Court lacks jurisdiction to grant it. [DE 30 at 543].

## II. STANDARD

Federal Rule of Appellate Procedure 4(a) provides that "in a civil case . . . the notice of appeal required by Rule 3 must be filed with the district clerk within 30 days after entry of the judgment or order appealed from." A party may move to extend the time to file their notice of appeal according to Federal Rule of Appellate Procedure 4(a)(5)(A), which provides that "[t]he district court may extend the time to file a notice of appeal if: (i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and (ii) . . . that party shows excusable neglect or good cause."

"It is well-established that the federal courts are under an independent obligation to examine their own jurisdiction." *Kusens v. Pascal Co., Inc.*, 448 F.3d 349, 359 (6th Cir. 2006) (citing *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231 (1990)). The deadlines prescribed in Federal Rules of Appellate Procedure 4(a) are statutory, "[t]racking the text of [28 U.S.C. § 2107]," and therefore "also jurisdictional." *In Re East Palestine Train Derailment*, 158 F.4th 705, 710 (6th Cir. 2025). Thus, "section 2107 and Rule 4(a)(5)(A) limit the district court's jurisdiction to timely motions," and a "district court lack[s] the power to extend" a party's time to

file a motion under Rule 4(a)(5)(A). *Id.* at 711 ("It doesn't matter whether the motion to extend [under Rule 4(a)(5)(A)] was one day, one hour, or one minute late. When the 30 days ended, the district court lost jurisdiction over the [movant's] motion to extend their time to appeal the bond order.").

## III. DISCUSSION

The Court's Judgment was entered on March 13, 2026. [DE 26]. Accordingly, the deadline under Rule 4(a)(1)(A) for McIlwain to file a notice of appeal was April 13, 2026, and the deadline under Rule 4(a)(5)(A) for McIlwain to file a motion for extension of time was May 13, 2026. *See* Fed. R. App. P. 4(a)(1)(A), 4(a)(5)(A), 26(a). McIlwain's Rule 4(a)(5)(A) motion, though signed May 6 and postmarked May 8, was filed when it was received by the Clerk of Court on May 15. [*See* DE 29 at 530; DE 29-4 at 539-40]; *see also* Fed. R. App. P. 25(a)(2)(A)(i) ("For a paper not filed electronically, filing may be accomplished by mail addressed to the clerk, but filing is not timely unless the clerk receives the papers within the time fixed for filing"); Fed. R. Civ. P. 5(d)(2)(A) ("A paper not filed electronically is filed by delivering it to the clerk"). McIlwain does not dispute that his motion was received by the Clerk's Office on May 15 or offer an argument as to why the Court should not find his motion to be untimely. [DE 31 at 552-53].

That McIlwain's motion was postmarked May 8 does not change this conclusion. In some instances, the "mailbox rule" provides that a motion is deemed filed when it is placed in the mail rather than when it is received by the Clerk. *See, e.g.*, *Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008) ("Under [the "prison mailbox rule"], a *pro se* prisoner's complaint is deemed filed when it is handed over to prison officials for mailing to the court."). However, "the Sixth Circuit has limited the mailbox rule's application to *pro se incarcerated* individuals." *Evans v. Chambers-Smith*, No. 1:19-cv-2870, 2021 WL 3164907, at *5 (N.D. Ohio July 26, 2021) (citing *Cretacci v.*

*Call*, 988 F.3d 860, 866 (6th Cir. 2021); *Laird v. Norton Healthcare, Inc.*, 442 F.App'x 194, 199 n.3 (6th Cir. 2011)) (emphasis added). Similarly, Federal Rule of Appellate Procedure 4(c) provides that "[i]f an *inmate* files a notice of appeal . . . the notice is timely if it is deposited in the institution's internal mail system on or before the last day of filing . . . ." (emphasis added). Because McIlwain is not incarcerated, he is unable to take advantage of these rules, and his motion is considered filed when it was received by the Clerk of Court on May 15. *See* Fed. R. Civ. P. 5(d)(2)(A); Fed. R. App. P. 25(a)(2)(A)(i).

Because McIlwain filed his Rule 4(a)(5)(A) motion for extension of time after the deadline had passed, his motion was untimely and this Court lacks jurisdiction to consider the motion's merits or extend McIlwain's time to file based on a finding that his lateness was excusable. *See In Re East Palestine Train Derailment*, 158 F.4th at 711 ("Since the deadlines to appeal are jurisdictional, the district court lacked the power to extend [the movant's] time, even if it had agreed that the [movant's] lateness was excusable . . . . [S]ection 2107 and Rule 4(a)(5)(A) limit the district court's jurisdiction to timely motions").[1]

## IV. CONCLUSION

Because McIlwain's Rule 4(a)(5)(A) motion was untimely and because this Court lacks jurisdiction to consider an untimely Rule 4(a)(5)(A) motion, his motion [DE 29] is **DENIED**.

[1] Accordingly, the Court does not reach McIlwain's argument that his original notice of appeal was effective. [DE 31 at 548-552]. McIlwain argues that "under *Becker v. Montgomery*, 532 U.S. 757 (2001), and [the Sixth Circuit's] decision in *Pierce v. Ocwen Loan Servicing, LLC*, [987 F.3d 577 (6th Cir. 2021)] a timely notice of appeal is not rendered ineffective by a signature format defect that is cured promptly after the Clerk calls it to the filer's attention." [DE 31 at 548-49]. Though this Court is unable to consider this argument as a reason to grant McIlwain's Rule 4(a)(5)(A) motion due to his motion's untimeliness, the Court sees no reason why the Sixth Circuit will not consider McIlwain's arguments in resolving its order requiring McIlwain to show cause why his appeal "should not be dismissed for failure to comply with 28 U.S.C. § 2107(a) and Federal Rule of Appellate Procedure 4(a)." [DE 27] *See, e.g.*, *Lamb v. Howe*, 677 F. App'x 204 (6th Cir. 2017).

Rebecca Grady Jennings, District Judge
United States District Court

October 2, 2026